# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 6:18-00360 |
|---|---|
| VERSUS | JUDGE S MAURICE HICKS, JR |
| KAREN DUHON | MAGISTRATE JUDGE WHITEHURST |

## ORDER

Before the Court is a Motion in Limine to Exclude Statements Made by Donnasue Peveto filed by Defendant Karen Duhon [Rec. Doc. 27], the government's Response [Rec. Doc. 29] and Defendant's Reply thereto [Rec. Doc. 30].

Defendant, Karen Duhon, is charged in a five-count indictment with conspiracy to commit wire and mail fraud, wire fraud, and mail fraud. The government contends that at trial it plans to show that Defendant participated in a scheme to embezzle money from the company she worked for, Capital Management Consultants, Inc. ("CMCI") and from one of the individual owners of CMCI. *R. 29.* The government alleges that this scheme, in part, involved conduct where Duhon used her position as CMCI bookkeeper to draft inflated checks for her coworker, Peveto, which Peveto would cash and then cut a check back to Duhon for approximately half the embezzled amount. *Id.*

Defendant moves the Court for a pre-trial ruling on the admissibility of the statements made by an alleged Co-conspirator, Donnasue Peveto. Defendant

1

represents that on June 29, 2015, Defendant as well as Peveto were charged in St. Mary Parish for Racketeering, Theft and Money Laundering. On December 9, 2019, Peveto entered into a plea agreement and agreed to a factual basis that implicated Duhon as to the charge. Peveto also agreed to testify against all Duhon in exchange for the plea agreement. Defendant was provided a copy of Peveto's statement. *R. 27-3*. On December 14, 2015, Peveto executed a notarized affidavit for a civil case related to this matter in which Peveto implicated Defendant for criminal wrongdoing. Defendant was provided a copy of the affidavit. Peveto died of natural causes on March 27, 2016 prior to being sentenced in State court. *R. 27-4*. Citing *Crawford v. Washington*, 541 U.S. 36. 53-54 (2004), Defendant contends that the Confrontation Clause prohibits the introduction of Peveto's statement.

In its response, the government represents that it does not dispute Defendant's reliance on the Confrontation Clause and therefore "has no intention of offering as evidence Peveto's incriminating remarks in its case-in-chief, or referencing Peveto's statements at any point during the direct examination of its witnesses. *R. 29, pp. 3-4*. The government advises, however, that it cannot preclude the possibility that "Defendant herself might through either cross-examination of government witnesses or some aspect of her potential defense case, 'open the door' to discussion of Peveto's incriminating remarks." *Id. at p. 4*. In the event of such an occurrence, the government

represents that it will "promptly notify the Court at sidebar, and seek a ruling before mentioning Peveto's incriminating statements in front of the jury." *Id.*

In reply to the government's representation, Defendant states she has no opposition to the aforesaid procedure proposed by the government.

Accordingly,

**IT IS ORDERED** that the Motion in Limine to Exclude Statements Made by Donnasue Peveto filed by Defendant Karen Duhon [Rec. Doc. 27] is **GRANTED** and the government **SHALL** adhere to its proposed procedure.

Signed in Lafayette, Louisiana, on this 25th day of November, 2019.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE